IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Genelle N. Walton<br>   Debtor | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>   Movant<br>vs.  | NO. 17-12411 AMC |
| Genelle N. Walton<br>   Debtor<br>William C. Miller, Esquire<br>   Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$21,122.65** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | May 2018 to July 2018 at $893.00/month<br>August 2018 to October 2018 at $889.00/month<br>November 2018 to September 2019 at $968.00/month<br>October 2019 to January 2020 at $895.00/month |
| Late Charges: | May 2018 to January 2020 at $24.65/month |
| Fees & Costs Relating to Motion: $1,031.00 | |
| **Total Post-Petition Arrears**   **$21,122.65** | |

2. The Debtor shall cure said arrearages by applying for a loan modification with Movant.

3. Beginning with the payment due February 1, 2020 and continuing thereafter, Debtor shall resume making all post petition payments in accordance with the loan documents and any trial or permanent modifications, if approved.

4. If Debtor is not approved for a trial modification by April 30, 2020, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting

Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If, while the instant bankruptcy case is still open, Debtor's trial modification is denied for any reason, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If Debtor defaults on any post-petition payments, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

8. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 15, 2020     By: /s/ Rebecca A. Solarz, Esquire
                                      Attorney for Movant

Date: 1/30/20                 John L. McClain, Esquire /s/ Mitchell Prince, ESQ.
                                      Attorney for Debtor

Date: 1/30/2020
                                      Genelle N. Walton, Debtor

Date: 2-5-20
                                      JAC/William C. Miller, Esquire
                                      Chapter 13 Trustee    No objection

Approved by the Court this 10th day of February, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan