United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Genelle N. Walton  
    Debtor

Case No. 17-12411-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: YvetteWD     Page 1 of 1     Date Rcvd: Feb 11, 2020  
Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 13, 2020.  
db     +Genelle N. Walton,    7150 N. 20th Street,    Philadelphia, PA 19138-2128

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.     TOTAL: 0

    ***** BYPASSED RECIPIENTS *****  
NONE.     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 13, 2020            Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 11, 2020 at the address(es) listed below:

    JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com, ecfemails@ph13trustee.com  
    JOHN L. MCCLAIN    on behalf of Debtor Genelle N. Walton aaamcclain@aol.com, edpabankcourt@aol.com  
    KEVIN G. MCDONALD    on behalf of Creditor    Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com  
    LEON P. HALLER    on behalf of Creditor    Pennsylvania Housing Finance Agency lhaller@pkh.com, dmaurer@pkh.com;mgutshall@pkh.com  
    MATTEO SAMUEL WEINER    on behalf of Creditor    Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com  
    REBECCA ANN SOLARZ    on behalf of Creditor    Pennsylvania Housing Finance Agency bkgroup@kmllawgroup.com  
    United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
    WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com

           TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Genelle N. Walton<br>        Debtor | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>        Movant<br>vs.<br>Genelle N. Walton<br>        Debtor<br>William C. Miller, Esquire<br>        Trustee | NO. 17-12411 AMC<br><br>11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$21,122.65** which breaks down as follows;

Post-Petition Payments:   May 2018 to July 2018 at $893.00/month
                         August 2018 to October 2018 at $889.00/month
                         November 2018 to September 2019 at $968.00/month
                         October 2019 to January 2020 at $895.00/month
Late Charges:            May 2018 to January 2020 at $24.65/month
Fees & Costs Relating to Motion: $1,031.00
**Total Post-Petition Arrears   $21,122.65**

2. The Debtor shall cure said arrearages by applying for a loan modification with Movant.

3. Beginning with the payment due February 1, 2020 and continuing thereafter, Debtor shall resume making all post petition payments in accordance with the loan documents and any trial or permanent modifications, if approved.

4. If Debtor is not approved for a trial modification by April 30, 2020, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting

Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If, while the instant bankruptcy case is still open, Debtor's trial modification is denied for any reason, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If Debtor defaults on any post-petition payments, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

8. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

    10.    The parties agree that a facsimile signature shall be considered an original signature.

Date: January 15, 2020    By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/30/20

John L. McClain, Esquire / Mitchell Prince, ESQ.
Attorney for Debtor

Date: 1/30/2020

Genelle N. Walton, Debtor

Date: 2-5-20

JAC/William C. Miller, Esquire
Chapter 13 Trustee

No objection

Approved by the Court this 10th day of February, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan